1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIO ENRIQUE BENEDICTO,

                          Plaintiff,

          v.

US IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                          Defendants.

Case No. C20-5060 RBL-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's filling of an application to
proceed *in forma pauperis* and proposed civil rights complaint. Dkt. 1. In light of the
deficiencies in the complaint discussed herein, the Court will not direct service of the
complaint at this time. Plaintiff will be provided the opportunity – by July 3, 2020 – to
show cause and explain why plaintiff's application to proceed *in forma pauperis* should
not be denied, or plaintiff may file an amended complaint to address the deficiencies in
the existing complaint.

Background

Plaintiff is an immigration detainee and brings this action against U.S.
Immigration and Customs Enforcement, Siobtal Waldron, and Northwest Detention
Center. Dkt. 1-1 at 2-3.

The proposed complaint states that plaintiff is bringing claims for unlawful
imprisonment and cruel and unusal punishment. Dkt. 1-1 at 4. Plaintiff alleges that,

ORDER TO SHOW CAUSE - 1

1   despite being a United States citizen, United States Immigration and Customs

2   Enforcement took him into custody. Dkt. 1-1 at 4-5. Plaintiff contends that while being

3   held at the Northwest Detention Center he informed United States Immigration and

4   Customs Enforcement that he was a United States citizen. *Id.* at 5.

5       Next, plaintiff contends that a judge informed him that in order to be released he

6   would need to sign "a legal document stating that [plaintiff] will not bring a lawsuit and

7   that [plaintiff] will obtain a green card." *Id.* The proposed complaint states that plaintiff

8   refused to sign the document and continues to be held at the Northwest Detention

9   Center. *Id.*

10      Plaintiff's complaint states that Judge Tammy Fitting assigned Siobhan Waldron

11  to represent plaintiff. *Id.* at 5. Plaintiff indicates that he was presented with several

12  documents to sign, authorizing Siobhan Waldron to access records on plaintiff's behalf,

13  but he refused to sign the document. *Id.* at 5, Ex. A. Plaintiff alleges that, despite plaintiff

14  refusing to sign a contract appointing Ms. Waldron as plaintiff's attorney, Ms. Waldron

15  continued to represent plaintiff. *Id.* at 5. According to the complaint, Ms. Waldron "filed a

16  motion to bond hearing even though [plaintiff] never signed the document appointing her

17  as [plaintiff's] lawyer." *Id.* Next, plaintiff contends that he never filed a motion for asylum,

18  and never spoke with an asylum officer from San Francisco. *Id.*

19      Finally, plaintiff states that he is being held in an immigration detention center

20  despite being a United States citizen, and that this is causing him emotional distress as

21  well as loss of time with family and friends. *Id.*

22

23

24

25

ORDER TO SHOW CAUSE - 2

<u>Discussion</u>

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See, 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading

1 | requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d
2 | 1104, 1107-08 (9th Cir. 2000).

3 | The only two claims alleged by plaintiff in this action are unlawful imprisonment
4 | and cruel and unusual punishment. Dkt. 1-1 at 4. However, it is not clear from the
5 | complaint whether plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983 or
6 | *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388
7 | (1971). In light of the Court's obligation to construe the pleadings of *pro se* plaintiff's
8 | liberally, the Court will consider whether the proposed complaint states a cause of
9 | action under either 42 U.S.C. § 1983 or *Bivens*.

10 | A. 42 U.S.C. § 1983

11 | 42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected
12 | rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S.
13 | 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327
14 | (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct
15 | complained of was committed by a person acting under color of state law, and (2) the
16 | conduct deprived a person of a right, privilege, or immunity secured by the Constitution
17 | or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an
18 | alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769
19 | F.2d 1350, 1354 (9th Cir. 1985).

20 | To state a claim under Section 1983, a plaintiff must set forth the specific factual
21 | bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616
22 | F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials

ORDER TO SHOW CAUSE - 4

1    participating in a civil rights violation are not sufficient to support a claim under Section

2    1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

3         Plaintiff fails to allege a claim that would be cognizable in a Section 1983

4    complaint, because plaintiff does not name any defendant that acted under color of

5    state law. Plaintiff names United States Immigration and Customs Enforcement – a

6    federal agency; Siobtal Waldron – a private attorney allegedly representing plaintiff; and

7    the Northwest Detention Center – a federal immigration facility. Dkt. 1-1. None of these

8    defendants are state actors and the proposed complaint does not provide any facts

9    indicating that plaintiff's injuries were caused by a person acting under color of state

10   law.

11        Accordingly, plaintiff has failed allege a Section 1983 action.

12        B.  Bivens

13        *Bivens* actions are the judicially-crafted counterpart to Section 1983. They enable

14   a plaintiff to sue individual federal officers for damages resulting from alleged violations

15   of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To

16   state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured

17   by the Constitution or laws of the United States was violated, and (2) the alleged

18   deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409

19   (9th Cir. 1991).

20        "[A] *Bivens* suit against a defendant in his or her official capacity [is] merely ...

21   another way of pleading an action against the United States, which [is] barred by the

22   doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v.*

23   *United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (quotation marks omitted). As such,

24

25

1     a *Bivens* suit can only proceed against a federal employee in an individual capacity.

2     *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are

3     individual capacity suits and thus cannot [lie against] official government action.").

4          Additionally, the United States Supreme Court has held that a *Bivens* action

5     cannot be maintained against a federal agency or a private corporation contracting with

6     the federal government. *FDIC v. Meyers*, 510 U.S. 471, 486 (1994), *Corr. Servs. Corp.*

7     *v. Malesko*, 534 U.S. 61, 69-70 (2001). Because the purpose of *Bivens* is to deter

8     individual federal officers from committing constitutional violations, a *Bivens* action may

9     only be maintained against individuals acting under federal authority. *Malesko*, 534 U.S.

10    at 70-72.

11         Plaintiff's proposed complaint names United States Immigration and Customs

12    Enforcement and Northwest Detention Center as defendants in this action. Because

13    neither of these entities are individuals acting under federal authority, plaintiff cannot

14    maintain a *Bivens* action against these entities.

15         The proposed complaint also names Siobtal Waldron as a defendant. It appears

16    from the complaint that Ms. Waldron is an attorney working with the Centro Legal De La

17    Raza. Dkt. 1-1 at 3; Dkt. 1-1 at Ex. A, B. Plaintiff contends that Ms. Waldron was

18    appointed to represent plaintiff although plaintiff did not agree to be represented by Ms.

19    Waldron. *Id.* at 5. The proposed complaint does not allege any facts indicating that Ms.

20    Waldron is a federal official or is otherwise acting on behalf of the federal government.

21    Accordingly, the proposed complaint also fails to allege a cause of action against

22    Siobtal Waldron.

23

24

25

1    For the above stated reasons, plaintiff's complaint fails to allege a *Bivens* cause

2    of action.

3                                              Conclusion

4    Due to the deficiencies described above, the Court will not serve the complaint.

5    Plaintiff may show cause why his application to proceed *in forma pauperis* should not be

6    denied or may file an amended complaint to cure, if possible, the deficiencies noted

7    herein, on or before **July 3, 2020**. If an amended complaint is filed, it must be legibly

8    written or retyped in its entirety and contain the same case number. Any cause of action

9    alleged in the original complaint that is not alleged in the amended complaint is waived.

10   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other*

11   *grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

12   The Court will screen the amended complaint to determine whether it states a

13   claim for relief cognizable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named*

14   *Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If the amended

15   complaint is not timely filed or fails to adequately address the issues raised herein, the

16   undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. §

17   1915.

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. §

1983 civil rights complaint and for service, a copy of this Order and the *Pro Se*

information sheet.

Dated this 5th day of June, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 8